RECEIVED BY MAIL
DEC 20 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

*Complaint*

*Civil Action No.* _____

To: District of Minnesota

21-cv-2703 SRN/HB

| | |
|---|---|
| Fellicia Smith, Plaintiff | Starr, Warden, Defendants |
| Inmate No. 66124060 | Hiller, Unit Manager |
| FCI-Waseca, Unit D | Wilson, Trust Fund |
| P.O. Box 1731 | Nelson, Commissary |
| Waseca, MN 56093 | Federal Correctional Institution-Waseca |
| | P.O. Box 1731 |
| | Waseca, MN 56093 |
| | (Being sued in their individual and official capacities) |

V

## I   Jurisdiction & Venue

This is a pro se civil action Authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state and federal law, of Rights secured by the Constitution of the United States. The 8th Circuit District Court of Minnesota under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

The 8th Circuit District Court of Minnesota is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II   Plaintiffs

I, Fellicia Smith, plaintiff, was at all times mentioned

SCANNED
DEC 20 2021
U.S. DISTRICT COURT MPLS

Complaint

Civil Action No. _____

herein a prisoner of the Federal Bureau of
Prisons in Waseca, Minnesota. I am currently
confined at FCI-Waseca.

III  Defendants - Individually and in offical Capacity
Starr is the Warden at FCI-Waseca. She is legally
responsible for the operation of FCI-Waseca and
for the welfare of all inmates.

Hiller is the Unit Manager of Unit D, where the
plaintiff resides, and handles the first step
of the grievance process at FCI-Waseca.

Nelson is the commissary supervisor at FCI-Waseca.
She handles special purchase Orders (SPO), distribution
of commissary items, updating the commissary
listings and working with vendors to source the
items sold thru commissary to inmates.

Wilson is the Trust Fund Manager at FCI-Waseca.
She oversees the commissary department and
its staff. She authorizes final decisions on what
items are stocked and sold to inmates thru
commissary. She also sets the prices of items.

IV  Facts
I, Fellicia Smith, am what you would refer
to as religious or Spiritual. I do not belong to
a traditional or established church. I have
not since I was 12. I do believe in a higher
being. What he or she is I do not Know. I
have read about and tried to understand

Complaint
Civil Action No. _____

the practices of multiple religions. In doing this, I have and continue to take componets of each and use them on my life's own religious/spiritual path. As I age, read, experience new teachings and learn more about religious practices and observances of others, I remold my own and put new ones in my life. It is rare for me to share my own beliefs with others. Yet, I have always been able to practice religious customs without hindrance until I was transferred to FCI-Waseca.

I was transferred to FCI-Waseca on March 17, 2021. I was quarantined for several ~~mounting~~ weeks.

On arrival to the housing unit I was given a standard commissary form. There was no listing for Koshur/Halal meals. Food items were not labeled as Koshur/Halal either.

I asked other inmates if there were Kosher/Halal commissary meals available. I was told no. I also asked the limited staff I was in contact with, they also said no.

After being quarantined for several weeks, I was put in general population on Unit C, where practicing muslims resided with me.

*Complaint*
*Civil Action No.* _____

Again, I asked inmates who had been incarcerated at Waseca for multiple years if Kosher/Halal meals were sold on commissary and was told no and they had not been if ever. I was told by inmates and staff I a chaplain would have to designated me as Jewish or Muslim to receive Kosher meals, but there was not one on staff.

I let the matter go, and just did my other religious/spiritual practices.

In September 2021, while researching other matters, I came across Program Statement Trust Fund/Deposit Manual 4500.12 that stated commissary "must" sell Kosher/Halal meals, which excited me. (Exhibit A)

I asked both Nelson and Wilson about there availability. They were both unaware of the program statement and said none were available, and I had to be designated as Jewish or Muslim to order them. I disagreed.

I began the grievance process immediately. I filed it on Sept. 8, 2021. Unit Manager Hiller handles the first step of the process. She is ordinarily supposed to respond in 15 days. I did not receive a response until Nov. 4, 2021 — 57 days later (Exhibit B)

The response said the meals were

Complaint
Civil Action No. _____

available by SPO and I was given two different meal availabity forms. (Exhibit C)

I had questions about what meals, I could purchase, storage, cooking of the meals and the price of individual meals, and when I could order them.

I again sought out Wilson and Nelson. They told me I could not order them because they were not available. At that time, Wilson said Kosher/Halal meals had not been sold at Waseca for a decade. They said they would get back to me.

I told other inmates who wanted to purchase the meals for religious reasons that they would be available soon. Multiple times I asked Wilson and Nelson about the meals.

New inmates to Waseca came from Prisons in Alabama, Texas, West Virginia and California. They told me you could purchase Kosher/Halal meals individually at their prisons for under $3 each. One inmate even gave me one to show Nelson and Wilson. Nelson would not look at it and Wilson did not respond to the offer. (Exhibit D) On Dec. 14, I sent Wilson another email. (Exhibit F) On Dec. 14, 2021, a message was sent to inmates about Kosher/Halal meal availability via the bulletin board. It said you had

*Complaint*

*Civil Action No.* _____

to purchase a case (12 meals). You could not mix or match meals. A case cost either 70 plus dollars and the other 3 cost 95.35. It said order would only be filled as time permitted, and it would go against our $60 spend (weekly) limit, making the meals impossible to purchase, for the religious diet I want to practice and follow. Nothing else on Commissary (food) is over (Exhibit E)

V  Legal Claims

Defendants Starr, Hiller, Nelson and Wilson's actions have violated my religious practice Right by first not offering Kosher/Halal meals on commissary for years and then creating unusual unusual and unnecessary hurdles to impede inmates access and ability to purchase the meals in order to follow a religious diet.

The defendants are continually violating my rights under the free exercise clause and establishment clause of the First Amendment and the Religious Freedom Restoration Act (RFRA) and the Religious Land Use and Institutionalized Persons Act (RLUIPA)

The four defendants violated those clauses and acts by placing an "unreasonable burden" on me regarding the cost of the meals $95.35 for a case while all other BOP facilities sell them for $3 or less using the same vendor. By forcing me to purchase 12 meals at a time

Complaint
Civil Action No. _____

which inmates who ~~don't want~~ only want to follow a religious diet have to deal with. Every other food item on commissary can be purchased individually on a weekly basis. In addition, because I want to follow a religious diet I will not Know if my SPO order will be processed and whether I'll be able to eat.

Another "unreasonable burden" being placed upon me is I'll have to choose between buying ~~how~~ Soap, floss, mouth wash, deodorant, shoes, winter gear and food because purchasing Kosher/Halal meals would count against my limited $60 weekly spending limit.

The defendants have failed to follow established law in regard to the right to A special religious diet (Ashelman v Wawrzaszek; Beerheide v Suthers; Abdulhaseeb v. Calbone; Johns v. Lemmon). The FCI-Waseca isn't even following the BOP's own program statement 4500.12, which does not require inmates to purchase 12 meals at a time and allowing inmates to ~~by~~ buy 14 a week.

My right to practice a religious custom was violated when I was not made aware of the BOP's stance and the purchasing of the Kosher/Halal meals. Plus, the meals should have been listed on the commissary form and available to all inmates weekly.

*Complaint*

Civil Action No. _____

24. On Dec. 14, 2021 a message was put on the bulletin board for inmates that showed the availability of the meals. It said meals could not be mixed or match, had to be purchased by the case at a cost of $95.35. And orders would only be filled as time permitted. This causes an "unreasonable burden" on me and other inmates who want to purchase the meals for religious reasons. In fact, at the moment we can only spend $60 a week at commissary, which means I am still unable to purchase the Kosher/Halal meals.

## V Legal Claims

25 Defendants Starr, Hiller, Nelson and Wilson actions by not offering Kosher/Halal certified Meals on commissary has violated my rights under the Free Exercise Clause and Establishment Clause of the First Amendment and the Religious Freedom Restoration Act (RFRA) and the Religious Land Use and Institutionalized Persons Act (RLUIPA). They also violated them by placing an "unreasonable burden" by selling the Kosher/Halal meals at an inappropriate price that most inmates cannot afford and forcing me to purchase a case per transaction, which inmates who do not follow a Kosher/Halal religious diet are not subject to.

26. The defendants have failed to follow established law and the BOP's program statements on the handling of providing the sale of

Complaint
Civil Action No. _____

My claim passes the Turner Test.
Is it "reasonable" to charge inmates $95.$^{35}$
for 12 meals? I say no.

Are there other options available to exercise
my constitutional rights? No. I eat what
I deem acceptable on our provided trays. And
also buy other commissary items that are
not Kosher/Halal or else I would have
nothing to eat.

How does the regulation impact other prisoners?
Others who want to practice a religious diet
through commissary purchases cannot do it
either. Allowing inmates at Waseca to buy
individual entrees and mix and match does
not impact prison resources. The BOP has already
said it should be in place.

Are there obvious, easy alternatives to the
regulation that would not restrict my right to
free expression: No. Waseca staff refuses
to follow the BOP policy that is already in
place.

The defendants are setting back anyone
who wants to supplement their religious
diet through commissary purchases violating
the establishment clause of the first Amendment.

As for the defendants violating the
RFRA and RLUIPA, the defendants

*Complaint*
*Civil Action No.____*

put a substantial burden on my religious practice by not allowing me to purchase individual meals at a reasonable price as inmates at other federal prisons are able to do.

The defendants are not acting "in futherance of a compelling governmental indrect."

All four defendants have worked for the BOP for decades. All at their managerial level have been made aware through trainings of inmates freedom to express their religious practice through diet, especially Nelson and Wilson.

I think the defendants have shown "Evil intent" by establishing new rules to get around having to sell Kosher/Halal meals to inmates that want to practice a religious diet, which is why it took from September until December to even let all inmates at Waseca know Kosher/Halal meals are able to be purchased.

In addition, while the Kosher/Halal meals can be eaten cold, Wilson and Nelson also refuse to sell jugs or heating implements that would allow the food to be warmed. If I could purchase the 56 meals, I am allowed to monthly, I would

Complaint
Civil Action No. _____

have to eat them all cold because a lack of a cooking jug or heating implement, once again putting an unreasonable burden on those who want to practice a religious diet.

I have no plain, adequate or complete remedy at law to redress the wrongs described herein. I have been and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declaratory and ~~injunction~~ injunctive relief which I seek.

## VI Prayer for Relief

Wherefore, I, Fellicia Smith, respectfully pray that this court enter judgement:

Granting me a declaration that the acts and omissions described herein violate my rights under the constitution and laws of the United States, and

A preliminary and permanent injunction ordering defendants Starr, Hiller, Nelson and Wilson to cease forcing me to purchase a case (12) of meals at once at $95.35 or meals individually at more than $3, to process all SPO orders weekly as all commissary food orders are, to sale a water jug or heating element to cook the meals (which ever is

*Complaint,*

*Civil Action No.* _____

quicker to get to myself and other inmates), and to comply with all BOP policies involved in selling Kosher/Halal meals giving me the freedom to practice a religious based diet without substantial or unreasonable burdens, and to put the meal selections on the commissary list and on the bulletin board, and

Grant me, nominal damages of $4,958.20 against each defendant, jointly and severally. What it would cost me annually, is the nominal damage. I seek punitive damages in the amount of $250,000 against each defendant, jointly and severally for violating the rights of myself and others willfully and intentionally for years.

I seek a jury trial on all issues triable by jury.

I seek recovery of all costs in this suit, and any relief this court deems just, proper and equitable.

The defendants are being sued in their individual and official capacities.

Dated: Dec. 15, 2021

Respectfully submitted

Complaint
Civil Action No. _____

Fellicia Smith
Inmate - 66124060
FCI - Waseca, Unit D
P.O. Box 1731
Waseca, MN 56093


Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of prejury that the foregoing is true and correct.

Executed at Waseca, Minnesota on Dec. 15, 2021