## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Fellicia Smith, | Case No. 21-CV-2703 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Starr, Warden; Hiller, Unit Manager; Wilson, Trust Fund; Nelson, Commissary, each being sued in their individual and official capacities; and Federal Correctional Institution, Waseca | |
| Defendants. | |

Plaintiff Fellicia Smith has filed a motion for summary judgment in this matter. *See* ECF No. 16. Because the request for summary judgment is premature, this Court recommends denial of the motion without prejudice.

Smith represents in her motion that summary judgment in this matter is appropriate because "there is no dispute as to any material fact." Motion for Summary Judgment at 2 [ECF No. 16]. But it is far too early for either Smith or the Court to know that. Neither party has yet been afforded an opportunity to conduct discovery; indeed, the time for defendants to submit even an initial responsive pleading to the complaint has not yet passed. Not until the parties have been afforded an opportunity to discover evidence can the Court determine whether an issue of fact material to this litigation remains reasonably in dispute.

1

Early motions for summary judgment are not categorically improper. The early adjudication of whether evidence exists to support a claim or defense may sometimes spare both the parties and the Court from a needless expenditure of resources (for example, where a decision on a single factual issue might make litigation on other factual or legal issues unnecessary). That is not the situation here. There does not appear to be any single issue the adjudication of which would spare the parties or the Court from unnecessary work or expense; at a minimum, Smith has not identified such an issue.

Nor is early summary judgment necessary for preservation of the rights that Smith alleges in her complaint are being infringed. The Court has interpreted Smith's pleading and accompanying documents as seeking preliminary injunctive relief and has ordered defendants to respond on an expedited basis to the request. *See* ECF No. 8. If Smith can establish that she is likely to succeed on the merits of her claims and that she will be irreparably harmed absent the issuance of a preliminary injunction, she may be afforded immediate injunctive relief as litigation of her claims continues. *See, e.g.*, *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Accordingly, it is recommended that Smith's motion for summary judgment be denied without prejudice.

In addition, Smith is reminded that she must submit an initial partial filing fee of $37.54 if she intends to prosecute this action. If she does not submit the required initial partial filing fee within the deadline previously established by the Court, the Court recommend that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the motion for summary judgment of plaintiff Fellicia Smith [ECF No. 16] be DENIED WITHOUT PREJUDICE.

Dated: January 21, 2022         s/*Hildy Bowbeer*_____
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).