# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fellicia Smith, <br><br> Plaintiff, <br><br> v. <br><br> Starr et al., <br><br> Defendant. | Case No. 21-cv-2703 (SRN/HB) <br><br><br> **AMENDED ORDER**[1] |

Fellicia Smith, BOP Reg. No. 66124-060, FCI Waseca, Unit D, P.O. Box 1731, Waseca, MN, 56093, Pro Se.

Ana H Voss, United States Attorney's Office, 300 S 4th St Suite 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Plaintiff Fellicia Smith's Objection [Doc. No. 44] to United States Magistrate Judge Hildy Bowbeer's March 7, 2022 Report and Recommendation [Doc. No. 38]. The magistrate judge recommends that Smith's motion for a preliminary injunction[2] be denied. (Compl. [Doc. No. 1] at 11–12; Order to Show

---

[1]     This Order amends the May 12, 2022 Order [Doc. No. 58] to remove language directing the Clerk to enter Judgment, and to order the Clerk to vacate the May 13, 2022 Judgment [Doc. No. 59]. Other than these changes and the designation in the caption of this Order as an "Amended Order," it is identical to the May 12, 2022 Order.

[2]     As the magistrate judge did, the Court construes Smith's request in her prayer for relief for a preliminary injunction as well as her separate filing entitled "Order to Show Cause" together as a motion for a preliminary injunction.

1

Cause [Doc. No. 6].) For the reasons set forth below, the Court overrules Smith's Objection, adopts the R&R in its entirety, and denies the motion.

I.  BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. The Court will recite background facts only to the extent necessary to rule on Smith's objection.

Smith alleges that her constitutional rights have been violated by the Bureau of Prisons ("BOP") because it refuses to provide her access to meals that fit her religious needs. (Compl. [Doc. 1].) She first attempted to informally resolve this matter with BOP staff, and when she was not satisfied with that resolution, she filed a formal administrative remedy request. (Compl. Exs. B-C [Doc. No. 1-1] at 2–3; Boldt Decl. Ex. C [Doc. No. 27-3] at 2.) After receiving an unfavorable ruling, she appealed that decision. (Boldt Decl. Ex. D [Doc. No. 27-4] at 2.) That appeal process is ongoing. (Pl.'s Reply [Doc. No. 35] at 3 ("[I]t is at the national level.").) With an appeal still pending, she filed a complaint with this Court alleging the very same constitutional violations, and now seeks injunctive relief.

The magistrate judge issued an R&R, recommending that the Court deny Smith's request for injunctive relief. (R&R [Doc. No. 38] at 14.) Specifically, the magistrate judge concluded that Smith did not establish a likelihood of success on the merits because she failed to exhaust her administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"). (*Id.* at 11–14.) The magistrate judge also found that other factors weighed against granting injunctive relief. Smith timely filed an objection to the R&R, which is now before the Court.

2

## II.  STANDARD OF REVIEW

The district court must conduct a *de novo* review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. Fed. R. Civ. P. 72(b); *accord* D. Minn. L.R. 72.2(b). Smith's motion for injunctive relief is dispositive and must be reviewed under this standard. D. Minn. L.R. 7.1(c)(6)(A).

Because Smith proceeds pro se, the Court liberally construes her pleadings. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, her pleadings must nevertheless "allege sufficient facts to support the claims advanced." *Id.*

## III.  DISCUSSION

### A.  Legal Standard for a Preliminary Injunction

A preliminary injunction "is an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In deciding whether a preliminary injunction is warranted, a court should consider: (1) the Plaintiff's likelihood of success on the merits; (2) the threat of irreparable harm to Plaintiff; (3) the balance between that threat of harm and the injury that granting injunctive relief would inflict on other interested parties; and (4) whether the issuance of a preliminary injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

"While no single factor is determinative, the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quotations and citations omitted). The party seeking the preliminary injunction bears the burden of proof as to the *Dataphase* Factors. *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 914 (8th Cir. 2015). "Moreover, in the prison context, a request for injunctive relief must

always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)); *see also Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (warning that courts should avoid, "in the name of the Constitution, becom[ing] enmeshed in the minutiae of prison operations").

**B.     Analysis**

Smith specifically objects to the magistrate judge's determination that she is unlikely to succeed on the merits, because of her failure to exhaust administrative remedies. (Obj. [Doc. No. 44] at 2.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also* 42 U.S.C. § 2000cc-2(e) (providing that nothing in RLUIPA "shall be construed to amend or repeal the [PLRA]"). The Supreme Court has instructed that the exhaustion requirement is "mandatory," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").

However, prisoners need only exhaust *available* remedies. *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019). There are three recognized circumstances where an administrative remedy is "not capable of use" and is thus unavailable. *Id.* They are as follows:

> (1) where "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) where the "administrative scheme" is "so opaque" as to be practically "incapable of use," and (3) where "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* (citing *Ross v. Blake*, 578 U.S. 632, 641–44 (2016)) (internal citations omitted).

Here, the magistrate judge properly concluded that Smith has failed to exhaust her administrative remedies. The BOP has a four-tiered administrative procedure for inmate grievances, codified in 28 C.F.R. § 542.10 *et seq*. The final tier of that process is filing an appeal with the Central Office. *Id.* § 542.15(a). At the time Smith filed the present action, she was still waiting for a response from the Central Office, and thus had not fully exhausted her claim. (Pl.'s Reply at 3.) Consequently, dismissal of Smith's claim is likely mandatory, and thus she has not shown that she is likely to prevail on the merits. *See Johnson*, 340 F.3d at 627.

However, Smith argues that her administrative appeal has been thwarted, as outlined in *Muhammad*, 933 F.3d at 1000. (Obj. at 1–2.) Specifically, she contends that the responses that she has received to her grievances contain misrepresentations, which has effectively thwarted her from using administrative remedies to resolve her claims. (*Id.*).

The Eighth Circuit has found that when prison officials mislead prisoners on the appropriate steps to exhaust the grievance process, they make the "[p]rison's formal-grievance procedure . . . unavailable." *Townsend v. Murphy*, 898 F.3d 780, 783–84 (8th Cir. 2018) (finding that a misrepresentation by a prison official as to an appeal coupled with the denial of access to the law library to review the administrative directive rendered

the grievance procedure "unavailable"). But Smith does not allege such conduct occurred here. Smith argues that the responses to her grievances contained misrepresentations, but she does not allege that those misrepresentations misled her on the appropriate steps to take to exhaust her claim, or that they impacted her ability to access the grievance process. The record reflects that Smith has been able to file a formal administrative remedy request, and appeal that decision, and that appeal is pending.

Alternatively, Smith alleges that she was "thwarted" from accessing BOP remedies when prison officials took longer than usual to respond to her claim. (Obj. at 1–2.) However, as the magistrate judge noted, a slower than usual response is not typically sufficient to indicate an inmate was thwarted from accessing grievance procedures. *Sergent v. Norris*, 330 F.3d 1084, 1085–86 (8th Cir. 2003) (finding that, although grievance resolution was untimely, inmate was not "prevented from effectively utilizing grievance procedures" because he received a response and was able to appeal); *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (finding that unjustified delays in responses to grievances did not "prevent [Porter] from utilizing grievance procedures, and the officials' non-compliance did not cause remedies to be unavailable"); *Kratville v. U.S. Bureau of Prisons*, No. 17-cv-4453 (MJD/TNL), 2018 WL 6182591, at *4 (D. Minn. Aug. 31, 2018), *R&R adopted*, 2018 WL 6181366 (D. Minn. Nov. 27, 2018) ("Untimely action by the warden of FPC-Duluth would not have precluded Kratville from seeking appellate review of any grievance he might have submitted, and thus further administrative review remained available to him.")

As explained above, Smith has been progressing through the BOP grievance process. She filed a grievance and received a response, and has had the opportunity to appeal this response. Her complaint had not stalled, and there is no suggestion that the BOP "prevented [her] from effectively utilizing grievance procedures." *Sergent*, 330 F.3d at 1085. However, she is still waiting for a ruling on her final appeal. Consequently, when she filed her Complaint with this Court, she had not fully exhausted internal BOP remedies and the Court agrees therefore, that it is unlikely that Smith will succeed on the merits of her claim. Thus, the Court finds that a preliminary injunction is not warranted.

Smith does not object to the remainder of the magistrate judge's R&R. After an independent de novo review of the files, records and proceedings in the above-entitled matter, the Court overrules the Objection and adopts the R&R. Smith's motion for a preliminary injunction is denied.

## IV.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 44] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 38] is **ADOPTED**;

3. Plaintiff's motion for a preliminary injunction [Doc. Nos. 1, 6] is **DENIED**; and

4. The Court directs the Clerk of Court to **VACATE** the judgment entered on May 13, 2022 [Doc. No. 59].

Dated: May 16, 2022                                    s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge